

**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 15 2008
APR 15 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 1 5 2008

United States of America ex rel.                )
                                                 )
MIGUEL DELEON  Reg.No. K-69997                   )
(Full name and prison number)                    )
(Include name under which convicted)             )
                                                 )
PETITIONER                                       )

**08CV2143
JUDGE KENDALL
MAG.JUDGE KEYS**

                                                 )
        vs.                                      )
                                                 )
  DONALD HULICK                                  )
(Warden, Superintendent, or authorized           )
person having custody of petitioner)             )
                                                 )
RESPONDENT, and                                  )
                                                 )
**(Fill in the following blank only if judgment   )
attacked imposes a sentence to commence          )
in the future)**                                 )
                                                 )
ATTORNEY GENERAL OF THE STATE OF                 )        Case Number of State Court Conviction:
                                                 )
                                                 )        97-CR-12501
_____              )
(State where judgment entered)                   )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: Circuit Court of Cook County
2650 S. California, Chicago, Il 60608

2.  Date of judgment of conviction:    November 4,1998

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
First Degree Murder,Attempt Murder and Aggravated Battery

4.  Sentence(s) imposed: 100 years for Murder, 30 years for Attempt Murder

5.  What was your plea? (Check one)       (A) Not guilty      ( X )
                                          (B) Guilty          (   )
                                          (C) Nolo contendere (   )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
                    NOT APPLICABLE - "N/A"

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1.  Kind of trial:  (Check one):          Jury  (  )               Judge only  (X  )

2.  Did you testify at trial?             YES  (  )          NO        (x  )

3.  Did you appeal from the conviction or the sentence imposed?  YES (x )   NO (  )

   (A)  If you appealed, give the

     (1)   Name of court:   APPELLATE OF COURT OF ILLINOIS

     (2)   Result:   CONVICTION AND SENTENCE AFFIRMED

     (3)   Date of ruling:   September 15,2000

     (4)   Issues raised:   THE EVIDENCE WAS INSUFFICIENT TO PROVE DEFENDANT
GUILTY BEYOND A REASONABLE DOUBT.

   (B)  If you did not appeal, explain briefly why not:
N/A

4.  Did you appeal, or seek leave to appeal, to the highest state court?   YES (X)          NO (  )

   (A)  If yes, give the

     (1)   Result:   DENIED

     (2)   Date of ruling:

     (3)   Issues raised:   (SAME)

   (B)  If no, why not:

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )   No (X)

   If yes, give (A) date of petition: _____  (B) date *certiorari* was denied:  _____

2

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (XX)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court:  CIRCUIT COURT OF COOK COUNTY

   B. Date of filing:  APRIL 23,2001

   C. Issues raised:  1) VOID JUDGMENT BASED ON MANDATORY LIFE SENTENCE(2) RIGHTS
   AND TRIAL VIOLATED: (3) ELEMENTS NOT CHARGED IN THE INDICTMENT: (4)

   IMPROPER FACTORS TO ENHANCE SENTENCE.

   D. Did you receive an evidentiary hearing on your petition?      YES ( )   NO (X)

   E. What was the court's ruling?      PETITION DENIED

   F. Date of court's ruling:   JUNE 8,2001

   G. Did you appeal from the ruling on your petition?      YES (X)   NO ( )

   H. (a)   If yes, (1) what was the result?   REMAND FOR RESENTENCING

             (2) date of decision:   DECEMBER 11,2003

      (b)   If no, explain briefly why not: _____ N/A _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES ( )   NO (X)

      (a)   If yes, (1) what was the result?      N/A

             (2) date of decision:      N/A

      (b)   If no, explain briefly why not: CASE WAS REMANDED FOR RESENTENCING
                   (APP. NO. 1-01-2469)
                   (UNPUBLISHED ORDER) BY APPELLATE COURT.

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( X )        NO ( )

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

| | | |
|---|---|---|
| 1. | Nature of proceeding | RE-SENTENCING |
| 2. | Date petition filed | REMANDED 3/4/04 |
| 3. | Ruling on the petition | RESENTENCED 9/8/04 |
| 4. | Date of ruling | 9/8/04 |
| 5. | If you appealed, what was the ruling on appeal? | AFFIRMED |
| 6. | Date of ruling on appeal | 9/29/06 |
| 7. | If there was a further appeal, what was the ruling ? | PLA - ALLOWED |
| 8. | Date of ruling on appeal | 1/28/08 |

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )   NO ( X )

A. If yes, give name of court, case title and case number: _____ N/A _____

_____

B. Did the court rule on your petition? If so, state

N/A

(1) Ruling: _____

(2)   Date: -------- _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )        NO ( X )

If yes, explain: _____ N/A _____

_____

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
     Supporting facts (tell your story briefly without citing cases or law):

Petitioner's 6th amendment right to the effective assistance of counsel,

was violated where his counsel, who did not represent him at trial, failed

to obtain and review a copy of the original trial transcript prior to the

re-sentencing hearing, and this failure resulted in a lack of any meaningful

adversial testing of the state's argument in aggravation and the trial

court's imposition of a maximum,term aggregate sentence.



(B)  Ground two THE TRIAL COURT MIS-APPLIED THE SEVERE BODILY INJURY STANDARD.
     Supporting facts:

Where Petitioner's actions failed to inflict "severe bodily injury" on the

victim, the trial court erred in imposing consecutive sentences in violation

of Equal Protection and Due Process of law under the 6th and 14th amendments

The trial court did not make a specific finding of severe bodily injury of

the attempt murder victim beyond a reasonable doubt.

5

Revised:  7/20/05

(C)  Ground three TRIAL COURT ERRED IN ITS DETERMINATION OF MITIGATING EVIDENCE
Supporting facts:

Petitioner was denied his right to a full and fair sentencing hearing where

the trial court failed to determine the lack of mitigating evidence.

Petitioner's right to appellate review on the mitigating portions of his

"IDOC" records was violated where the appellate court refused to review

this issue.

(D)  Ground four PETITIONER WAS NOT PROVEN GUILTY BEYOND A REASONABLE  DOUBT
Supporting facts:

The evidence adduced by the state at trial was insufficient to prove the

Petitioner guilty beyond a reasonable doubt in violation of the 6th & 14th

amendments. The prosecution presented three questionable witnesses that

identified the Petitioner. The defense presented two uncontradicted

testimony of alibi witnesses showing Petitioner was at home at the time

of the shooting.

2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES (XX)   NO ( )

3.  If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

6

Revised:  7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (A)  At preliminary hearing  GUSTAVO H. SANTANA, ESQ.

    (B)  At arraignment and plea  236 E. North Ave. Northlake, Il. 60164

    (C)  At trial       " (SAME"

    (D)  At sentencing     "              "          "

    (E)  On appeal  SAMUEL ALGOZIN - 203 N. LaSalle Str. Chicago Ill. 60601

    (F)  In any post-conviction proceeding  BRIAN J. HEALY, 69 W. Washington, Chgo. Il.
                                                    60602

    (G)  Other (state): (RE-SENTENCE - APPEAL) JOSHUA A. TEPFER,
                        203 N. LaSalle Str., Chicago Il. 60601

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )  NO (X)

Name and location of the court which imposed the sentence:     N/A

Date and length of sentence to be served in the future     N/A

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____

        (Date)                     Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

(Signature of petitioner)

    K-69997
(I.D. Number)

    P.O. Box 711,  Menard, Il. 62259
(Address)

Revised: 7/20/05

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MIGUEL DELEON,                        )
      Petitioner,                )
                      )
                      )
    vs.                            )   Case No._____
                      )
                      )
DONALD HULICK, Warden                 )
      Respondent.                )

## MEMORANDUM OF LAW IN SUPPORT OF
## WRIT OF HABEAS CORPUS PETITION

The Petitioner, Miguel Deleon, acting pro se. and respectfully asks this Court to allow his Memorandom Of Law In Support Of The Writ Of Habeas Corpus Petition.

### PROCUREMENT

!) Petitioner is currently incarcerated at the Menard Correctional Cebter, 711 KaskasKia Street, Menard, Ill. 62259, under Reg.No. K-69997.

2) On November 4,1998, he was convicted of Murder, Attempt Murder, and Aggravated Battery by a bench trial and sentenced to Natural Life imprisonment for the charges contained in indictment No. 97CR12501.

3) Petitioner timely appealed, and on September 15,2000, the Illinois Appellate Court affirmed his conviction. People v. DeLeon, (unpublished order No. 1-99-0028),(1st Dist.2000).

4) On April 23,2001, he filed a pro se Post-Conviction Petition.

5) On June 8,2001, the Circuit Court of Cook County summarily dismissed the petition.

6) Petitioner timely appealed, and on December 11,2003, the Illinois Appellate vacated the dismissal order and remanded the cause for re-sentencing. People v. DeLeon, (Unpublished Order No. 1-01-2469) (1st Dist.2003).

7) On March 4,2004, the cause was docketed on mandate with the Circuit Court of Cook County, and on September 8,2004, a new sentencing was conducted whereupon he was re-sentenced to 100 years extended term for the Murder count, and 30 years to run consecutively.

8) Petitioner timely appealed the re-sentence and hearing, and on September 29,2006, the Illinois Appellate Court affirmed the judgment, and vacated one merged count of Murder. People v. DeLeon, (Unpublished Order No. 1-04-2934)(1st Dist.2006).

9) On October 12,2006, Petitioner filed a Petition for Rehearing with the appellate court; and on Octob er 28,2006, the Rehearing was denied.

10) On April 5,2007, Petitioner filed an Opening Brief and Argument for a Petition Leave to Appeal to the Illinois Supreme Court, and on January 24,2007, the Supreme Court allowed the Petition.

11) Following Oral Arguments, the Illinois Supreme Court affirmed the appellate court's decision.

12) This Memorandum is being filed in good faith and in compliance with Federal Habeas Rules.

## MEMORANDUM OF LAW CLAIMS

### I.

**PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING WHERE HIS COUNSEL, WHO DID NOT REPRESENT HIM AT TRIAL, FAILED TO OBTAIN AND REVIEW A COPY OF THE ORIGINAL TRIAL TRANSCRIPTS PRIOR TO THE RESENTENCING HEARING.**

Every Defendant is entitled to the effective assistance of counsel at every critical stage in the proceeding, which includes sentencing. U.S. v. Wade, 388 U.S. 218,87 S.Ct. 1926 (1967). Petitioner's attorney failed to obtain and review the trial transcripts resulting in a lack of any meaningful adversial testing to the State's argument in aggravation, and the Court's imposition of the maximum penalty. This failure by counsel resulted in an utter breakdown of the 6th Amendment Right to counsel. U.S. v. Cronic, 466 U.S. 648,104 S.Ct. 2039 (1984). In the event, this Court should not find a Croic violation here, this court must find counsel's performance was objectively unreasonable and served to undermine confidence in the proceedings. Strickland v. Washington, 466 U.S. 668,687,104 S.Ct. 2052.(1984).

Petitioner was convicted of murder and attempt murder following a bench trial. The trial court sentenced DeLeon to Natural Life. The appellate court subsequently ruled that the life sentence was unconstitutional because the statute that mandated the sentence violated the Illinois single subject rule. Petitioner's Life sentence was vacated and remanded the case to the trial court for resentencing.

-3-

The trial court appointed the Cook County Public Defender's Office to represent Petitioner during resentencing. The Assistant Public Defender did not represent DeLeon at his original trial and sentencing. During the new hearing, the prosecutor recited the facts of the case, according to the State's version of events. The Prosecutor argued about the age of the murder victim, and the trial court made this finding at the first sentencing. Based on the victim's age under 12 years old, the prosecutor argued for an extended term sentence of 100 years imprisonment for the murder.

The Prosecutor then argued that Petitioner qualified for a consecutive sentence for the attempt murder conviction because the victim suffered severe bodily injury when he was shot in the chest. Again the State referred to the original sentencing hearing, and pointed out that the judge previously found that Petitioner qualified for a 30 year consecutive sentence on attempt murder.

Defense counsel objected and argued that "...rehashing the aggravation is not necessary." (R.40) The trial court over ruled the objection, stating, "Sentence requires a hearing." (R.41). This shows just how counsel was unfamiliar with the facts at trial and the law.

Defense counsel offered very little in mitigation, aside from Appredi v. N.J., prohibited the imposition of an extended term sentence on the murder count, because the age of the victim was not charged in the indictment.

Following the imposition of the sentences, counsel filed a Motion to Reconsider, reassertubg tge Apprendi, extended term

-4-

claim. Contained in the Motion counsel stated, "that the court did not, at the time of the trial, specifically find that the age of the victim was proven beyond a reasonable doubt, while <u>acknowledging</u> <u>that counsel is working without the benefit of a transcrip of the</u> <u>court's original fiding.</u>" (C.31) (emphasis).

Counsel acknowledged that he did not have the transcripts of Petitioner's original trial and sentencing proceedings, and therefore did not review those transcripts prior to the resentencing hearing.

Counsel failed to obtain and review a copy of the original transcripts prior to the resentencing hearing resulted in a lack of any meaningful adversial testing of the prosecution's argument regarding the applicable sentencing. Where counsel stops being a true advocate for the accused, a <u>Cronic</u> violation of the defendant's 6th amendment right to counsel requires that defense counsel act as a true advocate for the accused. Where "counsel entirely fails to subject the prosecution's case to meaningful adversial testing, thenthere has been a denial of sixth amendment rights that makes the adversary process itself presumptivelyunreliable." 466 U.S. at 659.

A review and knowledge of the case was imperative, especially since DeLeon's counsel did not represent him at trial. Here, the resentencing lost the adversial character encompassed by the 6th amendment where counsel failed to review said transcripts.

Such a deficient adversial review of the transcripts is a substantial constitutional violation for purposes of Federal Habeas review. <u>Porter v. Gramley</u>, 112 F.3d 1308 (Ill.1997).

-5-

In the event, that this court concludes that <u>Cronic</u> does not apply, counsel's failure to review the transcripts prior to the new hearing denied DeLeon his right to effective assistance of counsel under <u>Strickland</u>. To obtain relief based on ineffective assistance of counsel, the defendant must show that counsel's performance was outside the range of professionally competent assistance and that the defendant was prejudiced by his counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668,693(1984).

Federal courts recognize incompetency and prejudice requirement in <u>Stricklad</u>. See <u>U.S. ex.rel. Partee v. Lane</u>, 926 F.2d 694 (7th Cir. 1991). "Strickland requires [Federal Courts] to focus, not upon whether counsel could have done a better job, but upon whether counsel provided the assistance necessary to ensure the fundamental fairness of the proceeding whose result is being challenged. <u>Resnover.v. Pearson</u>, 965 F.2d 1453,1460(7th Cir.1992). Counsel here did not provide the necessary assistance to endure DeLeon a fair sentencing hearing.

Counsel's representation at resentencing was objectively unreasonable and Petitioner was prejudiced by thepoor performance. Similarly counsel may be found ineffective for failure to investigate matters in mitigation, counsel must likewise be held to be ineffective for failing to properly investigate and challenge the State's argument in aggravation. Counsel's failure to review trial transcripts prior to the new hearing fell below any objective standard of reasonableness. There simply was no strategic value in not reviewing the record. <u>Baxter v. Thomas</u>  45 F.3d 1501,1514 (1995).

But for counsel's unreasonableness, the result of the new sentencing would have been different. U.S. ex.rel Duncan v. O'Leary, 806 F2d 1307,1312(1986). Ineffective assistance of counsel claim is a question of law and fact. Speitzer v. Peters, 114 F.3d 1435(2004)

The Illinois reviewing courts unreasonably applied the holdingss in both Cronic and Strickland to Petitioner's case. The State court's incorrectly found that DeLeon was denied competemt representation of counsel on resentencing. Roland v. Vaughn, 445 F.3d 671,677-78(3rd Cir 2006). The appellate court should have found that counsel's failure to review the trial and original sentencing transcripts was ineffective and prejudiced Petitioner where such review would have challenged the State's argment in aggravation and put forth strong factors in mitigation, thereby Petitioner would have received a less severe sentence.

This court must either vacate Petitioner's conviction or grant habeas relief by ordering a new sentencing hearing.

II.

**THE TRIAL COURT MIAAPPLIED THE SEVERE BODILY INJURY STANDARD WHERE PETITIONER'S ACTIONS FAILED TO INFLICT SAME, AND THE SENTENCING COURT FAILED TO MAKE A SPECIFIC FINDING THAT PETITIONER'S ACTION INFLICTED SUCH INJURY**

Petitioner's sentence is unconstitutional because the trial court misapplied the severe bodilhy injury standard when imposing consecutive sentences where his actions failed to inflict severe injury and/or because the court failed to make a specific finding thereon. (U.S. Const.6 & 14th amend.) where neither the evidence nor the court supported a finding that DeLeon's actions caused severe bodily injury, it was improper for the imposition of the 30

-7-

year sentence.

The state failed to show that Jose Sanchez sustained severe bodily injury justifying the imposition of consecutive sentences. At trial the state presented evidence that Deleon shot Sanchez in the chest. (TR.A85-86) The bullet went clean through and existed Sanchez's back (TR.A85) Although, he had been shot, Sanchez was still able to drive his car to a gas station, enter the inside of the station and ask for help. Sanchez further testified that he recovered the bullet at this time after he discovered it did not go through the back of his sweater (TR.A86) Sanchez testified he had time to give the bullet to the police and then he went to the hospital (TR.A87) The state failed to elicit any evidence as to how long Sanchez stayed in the hospital or how severe the injury was.

The evidence simply does not show that Sanchez suffered any severe bodily injury. The victim was still able to move about, drive his car, ask for help, recover the bullet, and give it to police. Furthermore, there was no evidence as to how long he was hospitalized. Certainly, Sanchez's actions following the shooting did not indicate someone who sustained severe injury.

Federal courts have recognized that a sentence can be fundamentally unfair as to violate due process of law where the evidence does not support severity of a crime. Spears v. Mullins, 343 F.3d 1215,(2003) Thus, Petitioner's sentencing claim can be reviewed by this court. Mullins, id. F.3d at 1229.

Alternatively, this court may allow this claim because the trial court made no specific finding of severe bodily injury beyond a

reasonable doubt. <u>Jones v. U.S.</u>, 526 U.S. 227,235(1999), Where no hearing was had to determine whether any severe bodily injury existed; this court should now allow a hearing or order the trial court to do so.

The Illinois reviewing courts unreasonably applied federal law to this claim, the state courts incorrectly found no error or violation with this claim. (section 2254(b))

This court should vacate the state court's judgment and grant DeLeon's writ of Habeas Corpus and order the relief requested.

III.

**THE TRIAL COURT FAILED TO PROPERLY CONSIDER PETITIONER'S REHAB ILITATIVE POTENTIAL IN MITIGATION AND THE APPELLATE COURT FAILED TO REVIEW THE MITIGATING PORTIONS OF THE "IDOC" RECORD.**

When imposing a 130 year sentence on Petitioner, the trial court failed to consider all the factors in mitigation. There were ample mitigating factors which the court did not adequately consider. Petitioner was 17 years old at teh time of the offense, he had no extensive criminal background, he received a GED while in prison, had good employment history and exhibited genuine remorse. Petitioner's 6th and 14th amendment rights were violated by the trial court's failure to condider his rehabilitative potential. Furthermore, since the mitigating portions of the "IDOC" record was at issue during the sentencing hearing the appellate court should have allowed it on appeal for review. This resulted in an unreasonable and harsh sentence of 130 years.

-9-

A sentencing judge is constitutionally obligated to consider all mitigating factors. Lockett v. Ohio, 438 U.S. 586,606-07(1978) "Sentencers" may not refuse to consider or be precluded from considering any relevant mitigating factors. Hitchcock v. Dugger, 481 U.S. 393,394(1987) At a minimum a defendant is constitutionally entitled to a full and fair sentencing hearing Buryer v. Kemp 483 U.S. 776,794-95(1987)

Defendant's youth should have been considered. Youth is a mitigating factor which should be determined for rehabilitative potential Lockett Id. In addition, DeLeon's employment and academic history showed possible rehabilitation. Petitioner earned a GED in prison; prior to incarceration, he worked at KFC, and a meeting house; he always had a job since the age of 16 and worked steadily in prison. C.17-20) The PSI report indicated that Petitioner quit gang membership, was remorseful, and regularly attended worship services (C17-21)

Generally, wentences are imposed weighing the seriousness of an offense against a defendant's rehabilitative potential. The Illinois reviewing court unreasonably and incorrectly determined this issue. Williams v. Taylor 529 U.S. 362,405(2000). A sentence is unfair and violates due process where only the aggravating factors are considered. Cunningham v. California, 127 S.Ct. 856(2000) Here the trial court only considered the murdered victim's age and seriousness of the offense, and not Petitioner's mitigating factors. This cort can now grant relief on this basis.

The appellate court's failure to review the issue that the trial court erred in failing to receive the IDOC record, redact its confidential portions, and turn over the remaining portions of the

record to defendant so he could independently determine the existence of mitigating evidence. The U.S. Supreme Court held that the conclusion of a trial judge that an indigent's appeal is frivolous is an inadequate substitute for full appellate review. <u>Draper v. Washington</u>, 372 U.S. 487,498-99(1963). A state cannot refuse to hear an appeal once it provides right to appeal, to do so violates due process. <u>Elock v. Henderson</u>, 947 F.2d 1004(1991). As in <u>Draper</u> and <u>Elock</u> Petitioner's constitutional rights were violated by the State court's refusal to review this claim.

IV.

**PETITIONER WAS NOT PROVEN GUILTY BEYOND A REASONABLE DOUBT.**

The evidence adduced by the state at trial was insufficient to prove Petitioner guilty beyond a reasonable doubt. The state presented three witnesses who identified Petitioner as the shooter. The defendant presented uncontradicted testimony of two alibi witntesses verifying he was at home at the time of the shooting. The 6th and 14th amendments are disturbed when a state's case fails to prove beyond a reasonab le doub t that the defendant was guilty as charged.

It is long standing practice that a court when reviewing a challenge to the sufficiency of the evidence, must view the evidence in the light most favorable to the prosecution and determine whether ay rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Va</u> 443 U.S. 307,319 (1979).

-11-

The reliability of the witnesses identification of Petitioner was the central part of the state's case. In U.S. v. Wade, 388 U.S. 218,87 S.Ct. 1926(1967), the Supreme Court recognized that identification evidence is particularly riddled with innumerable dangers and variable factors that can unfairly infect a trial. The court commented that vagaries of eyewitness identification are well known, as annals of criminal justice are rife with instances of mistaken identification. The court further state that the dangers for criminal suspects are particularly grave when the witness' opportunity for ob servation was insubstantial.

In the instant case, three eyewitnesses all of whom testified they were present at the time of shooting and that Petitioner was the shooter. First, the testimony of Allen Montgomery should be discarded as the product of his overwhelming desire to exculpate him self from his part in the shooting. Montgomery admitted he lied to police about Brian Leonard punching the driver of the Mustang. He stated that he did not care about what happened to Leonard. In direct contradiction to the above statement, Montgomery subsequently stated that he violated gang rules by implicating Leonard. Moreover, his testimoy concerning the events leading up to the confrontation with the driver of the car differs from Burleson's account. Specifically, Montgomery stated he was with the Petitioner, Burleson and a few other members when they first noticed the Mustang. Whereas, Burleson testified that he was walking alone when he saw the Mustang. Montgomery testified that the Petitioner joined in on the verbal

-12-

exchange that was taking place between Burleson and the driver before proceeding to shoot at the driver. Whereas, B urleson made no mention of Petitioner participating in the exchange.

Burleson's testimony should be discarded as the product of deal making rather than a reflection of what occurred. In exchange for his testimony, the state offered to drop the a conviction, unless he did as they instructed.

Anabel Nieto could not give police a description of the shooter physical characteristics when she was first questioned on the day of the shooting. Later, Nieto identified Petitioner as the shooter, at a lineup. According to her testimony, many visitors were at her home on the day of the shooting, there was no discusion about it. This made her testimony highly suspect, where it was unlikely that no one talked about the shooting. Further, in light of the sudden and startling nature of the shooting, Nieto's degree of attention could not have been that reliable. Bearing this in mind, along with other variables, Nieto's identification of Petitioner, is questionable because she did not correctly identify him beyond a reasonable doubt.

Finally, Petitioner presented the undisputed alibi testimonies of Carmen and John Merced. Both witnesses testified that the Petitioner was at home at the time of the shooting. Their testimonies were unimpeached. In addition, there existed no physical evidence to link Petitioner to the offense, nor was any such evidence borne of record.

Petitioner submits that the identification of the shooter was the central part of the State's case, however the witnesses testimonies were dubious and suspect when compared to the uncontradicted testimony of his two alibi witnesses. Simply put, the evidence offered by the

-13-

state was insufficient to prove DeLeon's guilt beyond a reasonable doubt. Brown v. Palmer, 441 F.3d 347,351(6th Cir.2006) The Illinois Reviewing Court unreasonably and incorrectly determined this issue. Roland, F.3d at 677-78.

   This court may now allow this claim where the state courts unreasonably addressed it. Petitioner asks this court to grant his petition and order a new trial or other relief.

**CONCLUSION**

   **WHEREFORE,** the Petitioner prays that this Honorable Court allow his Memorandum of Law and **Grant** his Writ of Habeas Corpus and Order the Relief Requested.


                              Respectfully Submitted by:

                              MIGUEL DELEON   Pro Se.
                              Reg.no. K-69997
                              Menard Corr. Ctr.
                              P.O. Box 711
                              Menard, Illinois 62259-0711

Signed Under the
Penalty for Perjury.

DATE: 4/1/08

IN THE UNITED STATES DISTRICT COURT
FOR THE ___N O R T H E R N___ DISTRICT OF ILLINOIS

MIGUEL DELEON )
                        Plaintiff, )
                        )
                        )
v. )    No. _____
                        )
DONALD HULICK )
                        )    The Honorable
_____ )
                        )    _____,
                        Defendants. )    Judge Presiding.

## NOTICE OF FILING

TO:

        LISA MADIGAN, Ill. Attorney General

        100 West Randolph

        Chicago, IL. 60601

        **PLEASE TAKE NOTICE** that on or before the ___1___ day of
___April___, 2008, I shall file with the Clerk
of the U.S. District Court For The _____ District
of Illinois, the attached Plaintiff's = Petitioner's Writ of Habeas
Corpus Petition, with Memorandum of Law and several Motions.

a copy of which is hereby served upon you.

                        By: _____
                        Register Number K-69997
                        Post Office Box 711,
                        Menard, Illinois  62259

## CERTIFICATE OF SERVICE

        I, ___MIGUEL DELEON___, being duly sworn aver
that I have served copies of the foregoing to the person named above
by placing such copies in the U.S. Mailbox at the Menard Correctional
Center on the ___ day of ___April___, 2008 ; postage
prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND
CORRECT.

                        _____
                        Affiant/