## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2143 | **DATE** | May 13, 2008 |
| **CASE TITLE** | U.S. ex rel. Miguel DeLeon (K-69997) v. Donald Hulick | | |

**DOCKET ENTRY TEXT:**

Petitioner Miguel DeLeon's motion to proceed *in forma pauperis* [7] is granted. Petitioner's motion to hold his current petition for federal habeas corpus relief in abeyance [4] is granted. The case is stayed pending Petitioner's exhaustion of state court remedies. The respondent need only enter an appearance at this time; no response to the petition is required until the stay is lifted. The Clerk is directed to place this case on the suspense docket. To proceed with the current 28 U.S.C. § 2254 petition, Petitioner must file a motion, using the same title and case number of this case, requesting that the stay be lifted and notifying the Court that his state court proceedings are no longer pending. Petitioner is given 60 days from the date his state proceedings are no longer pending to file a motion to lift the stay. Petitioner's motion for appointment of counsel [3] is denied without prejudice.

■ [**For further details see text below.**]     Docketing to mail notices.

### STATEMENT

    Petitioner Miguel DeLeon (K-69997), a state prisoner in custody at Menard Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction for first degree murder, attempted murder, and aggravated battery, for which he was resentenced in 2004. Finding that he is unable to pay the filing fee, the Court grants his motion to proceed *in forma pauperis*.

    Petitioner has filed a motion stating that he is still seeking state court remedies following his 2004 resentencing and that he seeks to stay his federal habeas proceedings. The Court grants his motion, and stays the instant proceedings until he has exhausted state court remedies. *See Arrieta v. Battaglia* 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). To proceed with the current petition, Petitioner must file a motion, using the same title and case number stated above, requesting that the Court lift the stay and notifying the Court that his state court proceedings are no longer pending. Petitioner is given 60 days from the date his state court proceedings are no longer pending and he has exhausted his state court remedies to file a motion to lift the stay. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (*citing Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). The respondent need only enter an appearance at this time, and need answer the petition or otherwise plead only after the stay has been lifted.

    Petitioner is instructed to file all future papers in this case with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief of the Criminal Appeals and Habeas Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

    Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel may be appointed if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Counsel is not needed at this stage of the proceeding.

isk